GARY M. RESTAINO
United States Attorney
District of Arizona

PATRICK E. CHAPMAN
Arizona State Bar No. 025407
Assistant United States Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Patrick.Chapman@usdoj.gov
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No. CR-21-00938-PHX-SMM |
| Plaintiff, | **UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM** |
| vs. | |
| Osvaldo Peres, | |
| Defendant. | |

The United States recommends that the Court sentence the defendant to twelve months and one day of imprisonment.

**I.    FACTS**

On June 24, 2020, Ammo AZ contacted ATF agents regarding the defendant's attempted purchase of ten .22 caliber pistols. (PSR at ¶ 6.) The following day, agents contacted the Ammo AZ employee who serviced the defendant, and he advised that the defendant had paid in cash and appeared "sketched out," or suspicious, based on his behavior inside the store. (*Id*. at ¶ 7.) With this information, ATF set up an interdiction on July 1, 2023, when the defendant was picking up the firearms. (*Id*. at ¶ 9.) On that date, following the transfer, agents conducted a traffic stop of the defendant. (*Id*.) Upon contact, the defendant admitted to buying the firearms as well seven additional firearms a month earlier. (*Id*.)

The defendant subsequently admitted to buying the firearms for another person who

lived in California. (*Id*. at ¶ 10.) The defendant said that he had money problems with the other individual and owed him money from a joint venture selling marijuana through a dispensary. (*Id*.) The firearms purchase for the other individual was to fulfill the remaining debt. (*Id*.) The defendant said that he did not know why the other person could not buy the firearms for himself. (*Id*.) The defendant told agents that the other person accompanied him to Ammo AZ. (*Id*. at ¶ 11.) This individual was later arrested in a separate investigation traveling to Mexico with a firearm in his vehicle and is suspected of trafficking firearms. (*Id*. at ¶ 12.)

Agents corroborated the defendant's story by reviewing video surveillance from Ammo AZ. (*Id*. at ¶ 11.) They further researched the defendant's earnings and the purchase appeared to be consistent with straw purchasing, given the how much money the defendant made. (*Id*. at ¶ 8.) Notably, on October 4, 2020, Mexican police officers recovered one firearm the defendant had purchased on June 18, 2020. (*Id*. at ¶ 12.)

The government indicted the defendant on November 19, 2021, charging one count of 18 U.S.C. § 924(a)(1)(A), False Statement During the Purchase of a Firearm. On July 6, 2023, the defendant pleaded guilty to the indictment.

## II.    PRESENTENCE REPORT GUIDELINES CALCULATION

The government agrees with the PSR's guidelines calculation of Level 13, Criminal History Category I, and 12–18 months of imprisonment, following adjustments for the number of firearms and acceptance of responsibility. (PSR at ¶ 19, 25–27.) The PSR recommends a sentence of 3 years of probation. (*Id*. at p. 13.)

## III.    ANALYSIS

The government recommends that this Court sentence the defendant to twelve months and one day of imprisonment followed by supervised release. This recommendation is warranted based on the defendant's conduct. The defendant purchased ten firearms on behalf of another person who apparently could purchase firearms for himself. One of the firearms the defendant had previously purchased was recovered in Mexico by authorities within 108 days of his purchase. These facts, coupled with the

coordinator's border arrest, show a likely scheme to traffic firearms to Mexico. There is no purpose for such a scheme other than to facilitate violent crime. Although the defendant may have been insulated from the end users of his firearms, he is nevertheless a participant and responsible for his conduct.

The government's recommended sentence also avoids unwarranted sentencing disparities. According to the Judiciary Sentencing Information (JSIN), from 2018 to 2022, there were 505 defendants who were sentenced under USSG § 2K2.1 with a Total Offense Level of 13 and Criminal History Category of I. (*See* https://jsin.ussc.gov/analytics/saw.dll?Dashboard.) Of those 505, 369 defendants were sentenced to prison, for an average length of 10 months and median length of 12 months. (*Id.*) Thus, the government's recommended sentence accords with sentences of similarly situated defendants.

## IV. CONCLUSION

The government's sentencing recommendation is appropriate in light of the defendant's conduct and when compared to similarly situated defendants. Accordingly, the United States recommends that the Court sentence the defendant to twelve months and one day of imprisonment.

Respectfully submitted this 14th day of September, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Patrick E. Chapman*
PATRICK E. CHAPMAN
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the foregoing date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrant:

*Myles Schneider, Attorney for Defendant*

*/s/ P. Chapman*
U.S. Attorney's Office